ALVEY–FERGUSON CO. v. PETER SCHOENHOFEN BREWING CO.

PETER SCHOENHOFEN BREWING CO. v. ALVEY–FERGUSON CO.

(Circuit Court of Appeals, Seventh Circuit. January 7, 1919.)

Nos. 2586, 2589.

1. PATENTS ⬤═328—VALIDITY—CONVEYER.
    The Alvey-Ferguson patent, No. 790,776, claims 7 and 8, for a conveyer, which discloses merely a joint use of two previously known elements, *held* void for want of invention.

2. PATENTS ⬤═328—VALIDITY—ELEVATOR.
    The Alvey patent, No. 790,811, claims 1, 2, 3, 10, and 11, for an elevator for packages, *held* not anticipated and valid.

Appeals from the District Court of the United States for the Northern Division of the Southern District of Illinois.

Suit by the Alvey-Ferguson Company against the Peter Schoenhofen Brewing Company for infringement of two patents. From a decree (245 Fed. 762) dismissing the bill as to one patent, and granting relief to complainant as to the other patent, both parties appeal. Affirmed.

John W. Hill, of Chicago, Ill., for plaintiff.
Frank T. Brown, of Chicago, Ill., for defendant.

Before BAKER and MACK, Circuit Judges, and CARPENTER, District Judge.

MACK, Circuit Judge. Each party has appealed from that part of a decree which denies its contentions, in adjudging claims 7 and 8 in letters patent 790,776 invalid, and therefore dismissing the bill as to these claims, and in adjudging claims 1, 2, 3, 10, and 11 of letters patent No. 790,811 valid and infringed, and therefore granting the in-

⬤═For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

junction as prayed in respect to them.   Both patents were granted to Benjamin H. Alvey and assigned to the plaintiff, Alvey-Ferguson Company.

## Patent No. 790,776 Conveyer.

Claim 7 reads as follows:

7. The herein described means for conveying articles from one room to the lower portion of the room below the same, comprising a spiral way which has its upper terminal in the lower room and a supplemental conveyer or slide for discharging articles upon the upper portion of said spiral way, said supplemental conveyer or slide extending off from the upper portion of said spiral way at an inclination upward therefrom, through an opening which is located at one side of said way and in the floor of the room above that containing said way, whereby the necessity of an opening in the floor for said spiral way is avoided.

Claim 8 differs from it only in describing the supplemental conveyer as detachable.   Clearly the alleged invention of this patent is not that of a system.   Nor is it described, as is the invention of the other patent, as forming part of a system.   If the two patents together, or with other patents secured by Alvey, cover a conveyer system, pioneer or otherwise, that fact has no bearing on the validity of the claims in the patent in suit.   That patent or rather the claims in suit must stand or fall independently of any others.

This patent relates, then, not to a general conveying system, not to an elevating of goods from one floor to another, but, as the patentee stated in his application, to the lowering of boxes, barrels, or other articles from one elevation to another by the force of gravity.   The claims in suit are limited to the means for carrying articles from one floor to the next lower floor.

Each of these means, the spiral chute and the supplemental conveyer, was in itself old.   The spiral way permits of a gentler inclination, and thus is a safer means of conveying fragile articles than a straight chute would be.   The use of a straight slide running through the floor cut, instead of a continuous spiral, saves floor space, and, if detachable, it permits of the closing of the floor opening, whenever desired.

If, as plaintiff contends, the spiral way, though not specifically described in these two claims, is to be limited to one with a roller or some equivalent bed, and not to include a plain slide conveyer, because only the former is adapted to accomplish the stated object of uniform speed and a minimum of friction, there is nevertheless no novelty in it.   In Alvey's own earlier patent No. 714,432, the bed of the conveyer was formed of rollers.

Each of the alleged advantages and functions pertains to one or the other of the two elements.   No additional advantage is derived from their union.   Whether the measure of co-operation in the successive action involved in the use of the two elements united saves the alleged invention from the charge of being a mere aggregation of elements, it is unnecessary to determine; for the conception of their joint use, even if novel, involves, in our judgment, no inventive thought.

Moreover, in Alvey's earlier patent, the conveyer, while Z-shaped,

or serpentine, instead of spiral—the latter was well known, Warner patent No. 380,707—is shown "in Fig. 1 as adapted to receive packages from an upper floor through an opening and chute." It is immaterial whether or not that chute is, as it there appears to be, detachable. The united action of the chute and conveyer is clearly represented. The substitution of a detachable chute or of a spiral conveyer or both involves no invention.

### Patent No. 790,811 Elevator.

The claims in issue read as follows:

1. An elevator comprising a frame having approximately horizontal end portions and its intermediate part arranged at an inclination with its said end portions and gradually merging into the same, rollers constituting a portion of the track or way, a stationary portion arranged at the junction of an end and intermediate portion of the frame, and traveling means for conducting the articles upward along said track or way.

2. An elevator comprising a frame having approximately horizontal end portions and its intermediate part arranged at an inclination with its said end portion and gradually merging into the same, rollers constituting a portion of the track or way, a stationary portion arranged at the junction of an end and intermediate portion of the frame, means for conducting the articles upward along said track or way, and conveying means for conducting said articles to and from said elevator.

3. An elevator comprising a frame having approximately horizontal end portions and its intermediate part arranged at an angle with its said end portions and gradually merging into the same, a frame arranged at the junction of an end portion and said intermediate part and forming part of the track or way, rollers arranged to form a part of said track or way, a pair of connected endless belts for conducting the articles along said track or way, and means for holding said belts down adjacent to the junction of said end and intermediate portions.

10. An elevator comprising a frame having a track or way provided with rollers, upon which rollers travel the articles being conveyed, and a traveling conveying means having roller flights which are arranged above the first-mentioned rollers and engage the sides of said articles and push the same along said track or way.

11. An elevator comprising a frame, composed of side members and a track or way between said side members, said track or way having rollers upon which travel the articles being conveyed, and a traveling conveying means, comprising endless belts guided by said side members and independently rotatable flights or carriers connecting said belts with each other and traveling above said rollers and engaging the sides of the articles being conveyed.

Unlike the invention of the other patent, this elevator is specifically described as one "adapted to be used in systems of handling packages whereby packages may be most expeditiously and safely elevated from one floor to another of a warehouse" and as "adapted to form part of a conveying system wherein the packages are conveyed to it by a gravity conveyer which runs around or through the room and delivered by it to a similar gravity conveyer which runs around or through the room above."

The function of this power driven elevator is to raise packages including those of a fragile or breakable character safely, reliably and automatically from a lower to a higher gravity section or conveyer, with a minimum of manual attendance. The novelty in the construction of the elevator way is that it has only in part rotatable rollers;

a stationary or slide portion is substituted for rollers at a point intermediate the bottom horizontal end portion and the inclined portion.

Defendant at first had an all-roller way. The defendant, in a case in which Judge Veeder in the District Court for the Eastern District of New York (Alvey-Ferguson Co. v. John F. Trommer Evergreen Brewery, 260 Fed. 572) enjoined infringement of the only claims there in issue, 1, 2, 3, originally had an all-slide way; both defendants paid plaintiff the tribute of imitation by substituting for an unworkable structure its combined roller and slide way.

Berger, No. 391,223, chain conveyer for handling coal, bridged over the angle between the horizontal and inclined portions of the structure and avoided the danger of obstructions by rounding that break. But the structure is of a totally different kind and in no sense shows the combination of claims 1, 2, and 3; there is no roller portion and stationary portion, each forming part of the track; there are no traveling means for conducting articles over such a track. This combination of roller and stationary portions not merely prevents clogging, but it secures the elevation with a minimum of friction and danger of interruption through breakdown or accidental stopping. The elevator so composed is unitary in its operation; the parts co-operate to effectuate a useful purpose; the conception of such a combination was both useful and novel.

Moore, No. 252,960, machinery for laying railway tracks, uses a series of cars, each provided with an adjustable roller way on each side. He specifies that "the ties are pushed along over the rollers by men with spiked poles" and that "as the ways slope toward the front the ties begin to move forward, or will do so with slight help," until they reach the forward car, which is provided with an endless chain; this carries the ties forward and drops them over the front end. This structure is not an elevator, but a roller skid, down which rails and ties may be drawn. In no sense does it disclose the combination of claims 10 and 11.

Neither Friedman, No. 540,970, apparatus for conveying rolling packages, nor Baker, No. 668,079, conveyer, indicate plaintiff's rotatably mounted flights or carriers and their function. Plaintiff specifies that they "engage the packages to be elevated and are adapted freely to disengage themselves from packages which are not properly engaged therewith. Thus when, as frequently happens, at the receiving end of the device, a package instead of being in its proper position comes directly onto said flight, it is not dragged part way around the sprockets or onto the carrier, and then allowed to fall back, but, on the contrary, the roller turns freely on its shaft and travels from beneath said package without elevating the same and leaves it at the foot of the elevator in position to be properly engaged by the next succeeding flight."

Baker's arm is not a roller; it is merely a rounded support with or without a small roller at the top, likewise acting only as a support. In either case, the arm operates as a pusher only at the top of the incline, and there it either throws the package forward, instead of merely

gently moving it, or it passes under the package and allows it to fall back to its original position with a shock.

Friedman's roller has an entirely different function, to enable a barrel to be pitched while being rolled up an incline. It is adaptable only to barrels, and not to other packages. It rolls the barrel off the conveyer.

Plaintiff's rollers on the crossbars have the sole function of so moving packages not properly placed on the elevator that the next flight will properly engage them. The roller, in passing under the package, moves it slightly forward without danger to the package. They act thus in co-operation with the other parts of the structure, and produce a combination both useful and novel.

Infringement is practically conceded, if validity of the claims is established. The slight differences in detail are immaterial as to the claims in issue.

Decree affirmed.